UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HUBERT A. HENDRICKS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-cv-0376-DFH-TAB |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON ATTORNEY FEE APPLICATION

The court entered final judgment remanding this case to the Commissioner of Social Security for further consideration. Prevailing plaintiff Hubert A. Hendricks, Sr. has moved for an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). His total request is for $5,520. The defendant Commissioner of Social Security argues that no fee should be awarded because his position was, in the terms of the EAJA, "substantially justified." The Commissioner has raised some minor challenges to the reasonableness of the fee request, but the court does not reach those issues. The court finds that the Commissioner's position in this case was substantially justified and therefore denies the fee request.

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In general, to be eligible for a fee award under this provision, four elements must be satisfied:  (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application.  See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act.  Mr. Hendricks is a "prevailing party" for purposes of the EAJA.  See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA).  The only eligibility issue the Commissioner has raised is whether his position was "substantially justified."

The Commissioner has the burden of proving that his position was substantially justified.  *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009);

*Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).  The court will look to both the agency's pre-litigation conduct and its litigation position, and must make one determination as to the entire civil action.  *Stewart*, 561 F.3d at 683; *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cunningham*, 440 F.3d at 864.  It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 566.  On the other hand, the Commissioner's position need not have been correct.  See *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996), quoting *Pierce*, 487 U.S. at 566 n.2.  "Substantially justified" does not mean "justified to a high degree."  The standard is satisfied if there is a "genuine dispute" or if reasonable persons could differ as to the appropriateness of the contested action.  *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner.  If the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the

Commissioner's position could not have been substantially justified for purposes of the EAJA.  See, *e.g.*, *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that he had a rational ground for denying benefits.  See *id.*

Several recent decisions by the Seventh Circuit decisions provide good markers for determining when the Commissioner's position is and is not substantially justified.  In *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009), the district court had remanded the denial of benefits but had then denied fees under the EAJA.  The Seventh Circuit reversed the denial of fees.  The court explained that the district court had not erred by noting that the plaintiff had not prevailed on all of her arguments.  *Id.* at 683.  The district court is required to consider the government's conduct as a whole, which can include the ALJ's decision itself and the government's position in the litigation.  But the appellate court held that the district court had erred in finding the Commissioner's position was substantially justified.  The ALJ's decision had contravened long-standing agency regulations and judicial precedent in determining the plaintiff's residual functional capacity and in formulating the key hypothetical question to the vocational expert.  *Id.* at 684-85.  The ALJ had also failed to identify the "new and material evidence" that led him to reject the agency physicians' determination of residual functional capacity and had failed to explain the supposed inconsistencies between the plaintiff's daily activities and the medical evidence.  There was such a complete failure to explain the key findings that the Seventh Circuit found that the

Commissioner's position was not substantially justified.  *Id*. at 684.  On the hypothetical question, the Seventh Circuit found that the Commissioner was stubbornly adhering to a position that the Seventh Circuit and other circuits had repeatedly rejected.  *Id*. at 685.

Similarly, in *Golembiewski v. Barnhart*, 382 F.3d 721 (7th Cir. 2004) the district court had remanded the denial of benefits but denied the plaintiff's petition for fees under the EAJA.  The Seventh Circuit reversed the denial of the fee petition.  The Seventh Circuit found that the remand had been required because the ALJ had violated clear and longstanding judicial precedent and violated the Commissioner's own rulings and regulations.  *Id*. at 724.  The ALJ had failed to address credibility and had failed to apply the familiar factors under SSR 96-7p for evaluating a claimant's subjective complaints of pain.  The ALJ had also mischaracterized and ignored significant medical evidence.  *Id.*  The Seventh Circuit noted that it had not rejected any arguments by the plaintiff on appeal and had not adopted any position argued by the Commissioner in defending the ALJ's decision.  *Id.* at 725.  Also, the Commissioner had tried to defend the ALJ's decision based on reasoning that the ALJ had not provided, contrary to well established law.  *Id.*

On the other side of the EAJA boundary, by comparison, in *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006), the Seventh Circuit affirmed the denial of fees.  The remand on the merits had been based on the ALJ's failure to address

a key medical report that had limited the claimant to unskilled work and had added the limitation of only part-time work.  The ALJ had adopted the limitation to unskilled work but had rejected the part-time limitation, treating the doctor's opinion on that issue as something beyond the scope of a medical opinion.  The district court had disagreed on the merits and found that the ALJ had failed to comply with SSR 96-8p, which requires ALJs to explain when they disagree with a medical source's opinion.  Both the district court and the Seventh Circuit, after a close parsing of the doctor's report, however, found that the ALJ had had a reasonable (if erroneous) basis for treating the part-time limit as a non-medical opinion.  *Id.* at 991-92.  The Commissioner's position therefore had been substantially justified.

Similarly, in *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006), the Seventh Circuit affirmed the district court's denial of fees under the EAJA and distinguished *Golembiewski*.  In *Cunningham*, the remand was based on the ALJ's failure to explain the reasoning as carefully and thoroughly as necessary.  "It was not that the ALJ failed to engage in any credibility determination as in *Golembiewski*; rather, the ALJ failed to connect all the dots in his analysis."  *Cunningham*, 440 F.3d at 865.  Such failures may require remand on the merits but do not make it an abuse of discretion for the district court to deny fees under the EAJA.

In general, then, *Stewart* and *Golembiewski* teach that it will probably be an abuse of discretion to deny fees if the case for remand is strong and clear-cut.  If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might well be a reasonable bottom-line decision, *Conrad* and *Cunningham* teach that it will probably not be an abuse of discretion to deny fees.

After reviewing the court's original decision and the parties' briefs on the merits and the EAJA issue, the court finds that this case is closer to *Conrad* and *Cunningham* than it is to *Stewart* and *Golembiewski*.  The Commissioner's position in this litigation was substantially justified.

First, following the instruction in *Stewart* that the court must consider the government's overall conduct, including the ALJ's decision and its litigation conduct, see 561 F.3d at 683, the court must note that the plaintiff in this case raised four challenges to the ALJ's decision.  The court found that only one had merit.  This fact should not be mistaken for "argument counting," but it is part of the overall picture the court must consider.  See *id.* at 683-84.

On the decisive issue that led to the remand in this case, which plaintiff had made his last argument, the ALJ found that the plaintiff did not meet the requirements of Listing 12.05 for mental retardation.  The ALJ found first that there was no evidence the mental retardation manifested during the development

(childhood) years, and second that there was "no evidence at all of deficits in adaptive functioning." R. 31. The court found that the ALJ was incorrect on both items.

On the issue of childhood manifestation, records from the plaintiff's childhood showed that he received special education, though that fact is certainly not enough by itself to show that a child was mentally retarded. More important, case law supports the idea that records of a claimant's IQ test results as an adult could be used to show manifestation as a child because the tests attempt to measure capacities that are stable over a person's life. See *Hendricks v. Astrue*, 2009 WL 648610, at *5-*6 (S.D. Ind. March 11, 2009).

On the issue of deficits in adaptive functioning, the court found that the ALJ failed to address sufficiently the evidence in the record that could support a finding that Mr. Hendricks had shown such deficits. The court found that evidence in the record was in conflict on this point and that a remand was needed for further consideration of the Listing issue.

The fee question is admittedly a close one here. On the childhood manifestation issue, the court followed case law, but the point appears not to have been well developed or deeply established. Such cases with only adult IQ tests seem to be unusual, and it is certainly understandable for an ALJ to focus on evidence *from childhood* in deciding the question of childhood manifestation. The

special education evidence here is not conclusive by itself.  On the issue of deficits in adaptive functioning, the ALJ did not address the evidence adequately, but that failure is comparable to the ALJs' errors in *Conrad* and *Cunningham*, in which denials of fees were affirmed.

Plaintiff raised several issues, but only one was a successful challenge.  The ALJ's treatment of that one issue, on Listing 12.05, was at least understandable. Those facts lead the court to exercise its discretion to deny an award of fees under the EAJA in this case.  Taken as a whole, the government's position in Mr. Hendricks' case had substantial justification even though the court ordered a remand in the case.

So ordered.

Date: July 2, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Charles D. Hankey
charleshankey@hankeylawoffice.com